**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Troy Hunter, Appellant.

Appellate Case No. 2013-000227

---

Appeal From Florence County
D. Craig Brown, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-437
Submitted October 1, 2014 – Filed December 3, 2014

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Edgar Lewis Clements, of Florence, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 220(c), SCACR ("The appellate court may affirm any ruling,

order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); *State v. Foster*, 354 S.C. 614, 620-21, 582 S.E.2d 426, 429 (2003) ("The admission or exclusion of evidence is within the discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion."); *id.* at 621, 582 S.E.2d at 429 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law."); *State v. Burdette*, 335 S.C. 34, 43-44, 515 S.E.2d 525, 530 (1999) ("Whether a statement is admissible under the excited utterance exception to the hearsay rule depends on the circumstances of each case and the determination is generally left to the sound discretion of the trial court."); *State v. Sims*, 348 S.C. 16, 21, 558 S.E.2d 518, 521 (2002) ("Three elements must be met to find the statement to be an excited utterance.  First, the statement must relate to a startling event or condition.  Second, the statement must have been made while the declarant was under the stress of excitement.  Third, the stress of excitement must be caused by the startling event or condition."); *id.* at 21-22, 558 S.E.2d at 521 ("While the passage of time between the startling event and the statement is one factor to consider, it is not the dispositive factor.  Even statements after extended periods of time can be considered an excited utterance as long as they were made under continuing stress."); *id.* at 22, 558 S.E.2d at 521 ("Other factors useful in determining whether a statement qualifies as an excited utterance include the declarant's demeanor, the declarant's age, and the severity of the startling event."); *State v. Saltz*, 346 S.C. 114, 127, 551 S.E.2d 240, 247 (2001) ("Even if evidence is relevant, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (internal quotation marks omitted)); *id.* ("Unfair prejudice means an undue tendency to suggest decision on an improper basis, such as an emotional one."); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("We review a trial court's decision regarding Rule 403[, SCRCP,] pursuant to the abuse of discretion standard and are obligated to give great deference to the trial court's judgment."); *id.* ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances.").

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.